## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBRA ROBERTSON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GREGORY ROBERTSON ET AL. | CIVIL ACTION NO.<br><br>20-22-SDD-EWD |
| VERSUS | |
| UNICORP, LLC, ET AL. | |

### ORDER OF REMAND

Before the Court is the Motion to Withdraw Notice of Removal ("Motion") filed by removing Defendant Unicorp, LLC ("Unicorp").[1] In the Motion, Unicorp seeks remand of this proceeding, which was removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332,[2] to the Nineteenth Judicial District Court for the Parish of East Baton Rouge in accordance with the Magistrate Judge's Telephone Conference Report and Order dated July 8, 2020, which ordered Unicorp to either file a motion to withdraw the Notice of Removal or to file a notice that it intends to pursue removal based on the arguments previously presented.[3]

During the parties' July 8, 2020 telephone conference with the Court,[4] the Magistrate Judge discussed the argument raised by Plaintiffs Debra Robertson and Kocatatie Thompson ("Plaintiffs") in the Motion to Remand that the consent to removal ("Consent"),[5] collectively filed by Defendants Erdace, LLC and Erdace Management, LLC (collectively "Erdace"), was not timely

---

[1] R. Doc. 29.
[2] R. Doc. 1.
[3] R. Doc. 28.
[4] R. Doc. 28.
[5] R. Doc. 7.

and the application of the law to that Consent.[6]  The record reflects that Erdace was served on December 11, 2019, Unicorp was served on December 12, 2019, and Defendant The Payne Company, Inc. ("Payne") was served on December 13, 2019;[7] however, Erdace's Consent was not filed until more than thirty days after service on any of these Defendants, *i.e.*, February 7, 2020.[8]  The case law excuses untimely consent only under "extraordinary circumstances," which generally must stem from the "plaintiff's conduct."[9]  During the telephone conference, no party presented evidence of any conduct by Plaintiffs which bears on Erdace's Consent,[10] and counsel for Erdace acknowledged that they do not have any such evidence.[11]

Unicorp timely complied with the Magistrate Judge's Order[12] and per the Motion, Unicorp seeks to withdraw the Notice of Removal, rather than proceed with arguments in favor of removal.

---

[6] *See, e.g.*, *Day v. Danny*, No. 15-832, 2016 WL 1033536, (M.D. La. Feb. 17, 2016); *Crowley v. Amica Mut. Ins. Co.*, No. 12-775, 2012 WL 3901629 (E.D. La. Sept. 7, 2012); *Cornella v. State Farm Fire and Casualty Co.,* No. 10-1169, 2010 WL 2605725, at *3 (E.D. La. June 22, 2010).

[7] R. Doc. 1-4, pp. 10-15.  There is no service information as to Defendant Bradd, LLC in the record. Payne has not filed a consent to removal in the record, but Defendants contend Payne was fraudulently joined and Payne's consent was not required.  This issue was not addressed during the telephone conference.

[8] *See, e.g., Day v. Danny,* No. 15-832, 2016 WL 1033536, at *3 (M.D. La. Feb. 17, 2016), *report and recommendation adopted,* No. 15-832, 2016 WL 1064547 (M.D. La. Mar. 15, 2016) ("The 30–day window to consent to removal or join the removal starts running when there is actual service, and there is no requirement for proof of service for the rule of unanimity to apply. *Babin v. Isaman,* No. 09–0408, 2009 WL 3672901, at *4–5 (M.D. La. Nov. 4, 2009) (citing *Richoux v. CSR, Ltd.,* No. 08–931, 2008 WL 576242 (E.D.La. Feb. 29, 2008).")

[9] *Day,* 2016 WL 1033536, at *5.

[10] The July 8, 2020 Order reflects that Erdace averred that the timing of the filing of the Consent stemmed from its counsels' efforts in taking the necessary steps to obtain admission to practice before this Court. R. Doc. 28.

[11] The Motion to Remand is fully briefed.  R. Docs. 13, 16, 17, 18 & 24. No opposition memorandum addressed the case law cited by the Court regarding the issue of the timeliness of the Consent.  The opposition memoranda primarily focus on the joinder of Payne.  Erdace did not oppose the Motion to Remand.

[12] R. Doc. 28.

Accordingly,

**IT IS ORDERED** that the Motion to Withdraw the Notice of Removal,[13] filed by Defendant Unicorp, LLC, is GRANTED and this matter is REMANDED to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for further proceedings. The Clerk of Court is ordered to terminate this matter, including the Motion to Remand,[14] and all other pending motions.

Signed in Baton Rouge, Louisiana the 13th day of July, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] R. Doc. 29.
[14] R. Doc. 13.